UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MIGUEL GOMEZ-CERVANTES,<br><br>　　　　　　　　　Petitioner,<br><br>　v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>　　　　　　　　　Respondents. | CASE NO. C19-944-RSM-BAT<br><br>**REPORT AND RECOMMENDATION** |

**INTRODUCTION**

Miguel Gomez-Cervantes, a native and citizen of Mexico, brings this 28 U.S.C. § 2241 immigration habeas action through counsel to obtain judicial review of an immigration judge's ("IJ") 2010 finding that he did not have a reasonable fear of return to Mexico.[1] *See* Dkt. 1. The Government has moved to dismiss. Dkt. 10. Mr. Gomez-Cervantes did not file an opposition. As discussed below, the Court recommends that the Government's motion to dismiss be GRANTED, Mr. Gomez-Cervantes's habeas petition be DENIED, and this action be DISMISSED with prejudice.

---

[1] Although Mr. Gomez-Cervantes has been in immigration detention in the past, he has been released on bond since 2011. *See* Dkt. 11 at ¶ 14.

REPORT AND RECOMMENDATION - 1

**BACKGROUND**

Mr. Gomez-Cervantes unlawfully entered the United States in 1991 and was removed pursuant to a final order of removal in August 1994. Dkt. 12-23. He subsequently returned to the United States. *See* Dkt. 12-1. In April 2010, U.S. Immigration and Customs Enforcement ("ICE") officers arrested him and reinstated his prior order of removal. *See* Dkts. 12-1, 12-2. He expressed a fear of return to Mexico and was referred to an Asylum Officer for a reasonable fear interview. *See* Dkt. 12-3. The Asylum Officer found that Mr. Gomez-Cervantes did not have a reasonable fear of return to Mexico, and an IJ affirmed this determination and referred his case to ICE for his removal. *Id.*

Through counsel, Mr. Gomez-Cervantes filed a timely petition for review in the Ninth Circuit in which he challenged the IJ's negative reasonable fear finding. Dkt. 12-4. The Ninth Circuit ordered him to show cause why his petition should not be dismissed for lack of jurisdiction based on 8 C.F.R. § 1208.30(g), which provides that an IJ's decision is final and may not be appealed. Dkt. 12-5 at 2-3. Mr. Gomez-Cervantes failed to respond to the order to show cause, and the Ninth Circuit dismissed his petition. *Id.* at 4.

Mr. Gomez-Cervantes subsequently filed numerous motions to reopen in the immigration courts and petitions for review in the Ninth Circuit, none of which have been successful. *See generally* Dkt. 11. On June 17, 2016, he initiated the instant action in a renewed effort to obtain judicial review of the IJ's 2010 negative reasonable fear finding. Dkt. 1. He bases his petition on the Ninth Circuit's recent decision in *Thuraissigiam v. U.S. Department of Homeland Security*, 917 F.3d 1097 (9th Cir. 2019), *cert. granted*, 2019 WL 5281289 (Oct. 18, 2019), which held that federal district courts have jurisdiction under the Suspension Clause to review negative credible fear determinations made in expedited removal proceedings.

**DISCUSSION**

Mr. Gomez-Cervantes is subject to a reinstated removal order, which is governed by 8 U.S.C. § 1231(a)(5) and its implementing regulations. Under these provisions, if a noncitizen who has been ordered removed subsequently reenters the United States unlawfully, the original removal order may be reinstated by an authorized official. *Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 487 (9th Cir. 2007) (en banc); 8 C.F.R. § 241.8. But if the noncitizen expresses a fear of returning to his home country, he must be referred to an asylum officer for a "reasonable fear interview" in accordance with 8 C.F.R. § 208.31. *Ortiz-Alfaro v. Holder*, 649 F.3d 955, 956 (9th Cir. 2012). If the asylum officer finds the noncitizen has not established a reasonable fear of persecution or torture, and an IJ affirms this determination, the matter is returned to ICE for execution of the reinstated order of removal without the opportunity to appeal to the Board of Immigration Appeals ("BIA"). 8 C.F.R. § 208.31(g). This is what occurred in Mr. Gomez-Cervantes's case.

Mr. Gomez-Cervantes subsequently filed a petition for review challenging the IJ's negative reasonable fear determination, but when the Ninth Circuit suggested it may not have jurisdiction given the regulatory provision barring appeal from the IJ's determination, *see* 8 C.F.R. § 208.31(g), he abandoned his petition. Two years later, the Ninth Circuit decided *Ortiz-Alfaro*, in which it held that it had jurisdiction to review such determinations. 694 F.3d at 958 ("Because the Suspension Clause unquestionably requires some judicial intervention in deportation cases, depriving Ortiz the opportunity for judicial review of a determination that he lacks a reasonable fear of persecution could raise serious constitutional concerns." (internal quotation and alteration omitted)). The Ninth Circuit now regularly considers petitions for review challenging reinstated removal orders and negative reasonable fear determinations. *See,*

REPORT AND RECOMMENDATION - 3

*e.g.*, *Martinez v. Sessions*, 873 F.3d 655 (9th Cir. 2017) (considering petition for review challenging IJ's negative reasonable fear determination); *Andrade-Garcia v. Lynch*, 828 F.3d 829 (9th Cir. 2016) (same). Although Mr. Gomez-Cervantes did not have the benefit of *Ortiz-Alfaro* and its progeny at the time he filed his first petition for review, he had an opportunity to argue for Ninth Circuit jurisdiction over his claims but did not litigate the issue.

Mr. Gomez-Cervantes bring the instant action in a belated and improper attempt to obtain judicial review of the IJ's negative reasonable fear determination. He bases his request on the Ninth Circuit's recent decision in *Thuraissigiam*, which addressed 8 U.S.C. § 1225(b), the statute governing expedited removal orders. In general, noncitizens subject to expedited removal orders are not afforded a hearing before an IJ or review of the removal order. *See* 8 U.S.C. § 1225(b)(1)(A)(i). But if the noncitizen "indicates either an intention to apply for asylum . . . or a fear of persecution," he must be referred for a "credible fear" interview with an asylum officer. 8 U.S.C. § 1225(b)(1)(A)(ii); *see also* 8 C.F.R. §§ 235.3(b)(4), 208.30(d). Similar to the regulations governing reinstated removal orders, if the asylum officer makes a negative credible fear determination, the noncitizen may seek review by an IJ. 8 U.S.C. §§ 1225(b)(1)(B)(iii)(I), (III). If the IJ affirms the negative credible fear determination, the case is remanded to ICE for execution of the expedited removal order. 8 C.F.R. § 1003.42(f). By statute, judicial review of expedited removal orders is extremely limited. *See* 8 U.S.C. § 1252(e). In *Thuraissigiam*, the Ninth Circuit held that § 1252(e)(2) violated the Suspension Clause as applied to the petitioner because it prohibited him from raising legal challenges to the procedures leading to his expedited removal order. *See Thuraissigiam*, 917 F.3d at 1100-19. The court remanded to the district court to exercise jurisdiction over the petitioner's claims. *Id.* at 1119. *Thuraissigiam* does not apply in this case because Mr. Gomez-Cervantes is not subject to an expedited removal order and had an

REPORT AND RECOMMENDATION - 4

1  opportunity to challenge his negative reasonable fear determination in the Ninth Circuit but did
2  not press his case. Mr. Gomez-Cervantes fails to offer any other authority that would provide this
3  Court with jurisdiction over his claims. Accordingly, the Court recommends that this action be
4  dismissed.

## CONCLUSION AND RIGHT TO OBJECT

The Court recommends that the Government's motion to dismiss, Dkt. 10, be GRANTED, Mr. Gomez-Cervantes's habeas petition be DENIED, and this action be DISMISSED with prejudice. A proposed order accompanies this Report and Recommendation.

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case. Objections, however, may be filed and served upon all parties no later than **January 2, 2020.** The Clerk should note the matter for **January 3, 2020**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed ten pages. The failure to timely object may affect the right to appeal.

DATED this 17th day of December, 2019.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 5